IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PATIENTPOINT NETWORK SOLUTIONS, LLC, an Ohio limited liability company,<br><br>    Plaintiff,<br>v.<br><br>CHRISTOPHER HAYES, an individual, and CONTEXTMEDIA, INC., an Illinois corporation,<br><br>    Defendants. | Case No.  1:14 cv 226<br><br><br>District Judge Black<br>Magistrate Judge _____<br><br>RULE 26(f) REPORT OF PARTIES<br>(to be filed not later than seven (7) days prior to the preliminary pretrial conference) |

  1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on May 20, 2014, and was attended by:

<u>Thomas Dee</u> , counsel for plaintiff.

<u>Charles Schafer and Thomas Hankinson</u>, counsel for defendants.

  2. The parties:

____ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

__X__ will exchange such disclosures by June 20, 2014.

____ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

  3. The parties:

____ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

__X__ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

____ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), <u>for trial purposes only</u>, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings:

30 days prior to close of fact discovery.

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties:  60 days prior to close of fact discovery.

6. Recommended discovery plan:

a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions and (3) prepare for trial:

With regard to a settlement evaluation, forensic examination which is currently on-going is critical not only to a settlement evaluation but to the scope and extent of discovery.

Defendants believe that, before discovery begins, the Plaintiff should describe what trade secrets are at issue with particularity.  In support, Defendants state that under the Uniform Trade Secrets Act on which the Ohio Uniform Trade Secrets Act is based, plaintiffs often are required to make a "particularized trade secret statement" before engaging in discovery.

Plaintiffs believe that such disclosures are part of the discovery process and should not be made into a separate step.

b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitation of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

The parties agree to a limitation of 6 depositions per side.

c. Additional recommended limitations on discovery:

None

d. Recommended date for disclosure of lay witnesses.

30 days prior to the close of fact discovery

e. Describe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).

-3-

The parties expect that there may by some expert forensic testimony. There also may be expert testimony regarding the trade secrets claim.

f. Recommended date for making primary expert designations:

30 days after close of fact discovery.

g. Recommended date for making rebuttal expert designations:

35 days after primary expert designations.

h. The parties have electronically stored information in the following formats:

Native and tif formats.

The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

None known at present time.

i. The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials**:

None known at present time.

Have the parties agreed on a procedure to assert such claims **AFTER** production?

    __X__ No

    ____ Yes

    ____ Yes, and the parties ask that the Court include their agreement in an order.

j. Recommended discovery cut-off date: December 19, 2014.

6. Recommended dispositive motion date: February 6, 2015.

7. Recommended date for status conference (if any): _____

8. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

_____

_____

_____

-4-

9. Recommended date for a final pretrial conference: <u>May 16, 2015.</u>

10. Has a settlement demand been made? <u>No.</u> A response?

Date by which a settlement demand can be made: Depends in part upon results of forensic examination.

Other matters pertinent to scheduling or management of this litigation:

<u>None other than what has been previously noted.</u>

Signatures:

| Attorney for Plaintiff(s): | Attorney for Defendant(s) |
|---|---|
| / s / Thomas R. Dee | / s / Charles Schafer |
| Ohio Bar # (pro hac vice)<br>Trial Attorney for Plaintiff | Ohio Bar # (pro hac vice)<br>Trial Attorney for Defendants |
| Ohio Bar #<br>Trial Attorney for | Ohio Bar #<br>Trial Attorney for |
| Ohio Bar #<br>Trial Attorney for | Ohio Bar #<br>Trial Attorney for |
| Ohio Bar #<br>Trial Attorney for | Ohio Bar #<br>Trial Attorney for |

C:\Users\fkt\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\R18U914U\Hayes CM - Rule_26(f)_Form - 4826-3886-6203 1.doc

-4-

CHICAGO/#2576803.3